IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CRAIG EDWARD HAWKINS,**

    **Plaintiff,**

**VS**                                      **CASE NO:** _____

**UNITED STATES OF AMERICA,**
**UNITED STATES OF AMERICA, d/b/a**
**Veterans Affairs Medical Center – Memphis, a/k/a**
**VA Hospital - Memphis**

    **Defendants.**

---

**COMPLAINT FOR HEALTHCARE LIABILITY**

---

**INTRODUCTION**

COMES NOW, the Plaintiff, Craig Edward Hawkins, pursuant to the Amendment to the Healthcare Liability Act, particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008, and in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code, and brings this Health Care Liability action for his claims. The Plaintiff brings this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Memphis Tennessee beginning on

September 1, 2016 and first discovered by the VA physicians, nurses, technologists and medical staff on September 23, 2016, and then later admitted by the Defendants/VA physicians and medical staff to the Plaintiff on October 13, 2016. Therefore, actual personal knowledge was received and discovered by the Plaintiff on October 13, 2016.

These acts of violations of the medical standard of care consist of acts and omissions of medical negligence by the medical personnel/staff providing medical care, and the treatment and services to Plaintiff, Craig Hawkins at the Memphis VA Medical Center located in Memphis, Shelby County, Tennessee. These violations of the medical standard of care occurred in Memphis, Shelby County, Tennessee on September 1, 2016 and were first discovered by the VA on September 23, 2016, and later admitted to the Plaintiff on October 13, 2016, consisting of acts and omissions constituting medical negligence that were the direct and proximate cause of the personal injuries, and deterioration of health that Mr. Hawkins has suffered. At the time of the alleged acts and omissions giving rise to this Health Care Liability action, the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said patient, Plaintiff, Craig Edward Hawkins.

## **PARTIES, VENUE AND JURISDICTION**

1. At all times pertinent to this matter, the Plaintiff, Craig Edward Hawkins was a resident of Shelby County, in the city of Memphis and the state of Tennessee, and a legal citizen of the United States of America. Mr. Hawkins is a veteran citizen of the United States of America and as such was entitled to receive health care at the Memphis VA Medical Center.

2. All of the medical care, treatment, and services giving rise to this cause of action were provided to Mr. Hawkins at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the massive medical files, charts and records of Craig Hawkins maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals. This Defendant, United States of America d/b/a Veterans Affairs Medical Center – Memphis owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business of providing medical care,

treatment and services to its veterans/patients including the Plaintiff, Craig Hawkins by employing and contracting with physicians, residents, nurses, technologists, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff. Therefore, any act or omission of medical negligence on the part of the care providers of Craig Hawkins, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center. Defendants may be served with service of process as directed on the Summons issued in this Cause.

4. Plaintiff further alleges that an agency relationship existed between all of the care providers of Craig Hawkins at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Craig Hawkins, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiff's cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care providers of Craig Hawkins occurred at the Memphis VA Medical Center or outlying VA Clinics in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and/or representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiff avers that the kind of personal injuries that he has sustained would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees, representatives, medical personnel/staff, administrative staff and/or otherwise and that the instrumentality that caused the personal injuries of Craig Hawkins were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff, including but not limited to those identified in this Complaint, therefore Plaintiffs rely on the legal theory/doctrine of *Res Ipsa Loquitor*.

7. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that

occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6 months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.). Plaintiffs' claims were denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C., on May 24, 2018 as demonstrated by the attached letter of denial of the reconsideration of Mr. Hawkins' claim.

8. Plaintiff alleges that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiff, Craig Hawkins is exercising his right to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiff, avers that he has complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, the Plaintiff by and through counsel, gave written notice of intent to commence action to the Defendants of the potential claim more than sixty (60) days prior to filing this Complaint which was served by certified mail receipt. Pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Sheila L. Robinson-Beasley who mailed the notice letters, along with the attached Notice to Commence Action which complies with TCA 29-26-121.  Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

11. Plaintiff will further show that the kind of injuries that he has sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Craig Hawkins as set out herein.

12. This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Craig

Hawkins at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee resulting in the personal injuries and the deterioration of health that would not have otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

## FACTS

13. The Plaintiff Craig Hawkins is a 58 year old black male who has received approximately over 40 years of his medical care at the VA Hospital in Memphis, Tennessee. Mr. Hawkins presented with a non-healing right toe, having a long and established history of not having good wound healing, and a long and established history with the VA of being very infection prone and thus had developed an infection in his right toe. Mr. Hawkins had been a long time sufferer of grossly uncontrolled diabetes with the VA hospital, and a long time dialysis patient all while under the medical care of the VA hospital.

14. In an effort to promote healing, Mr. Hawkins had an angiogram performed on September 1, 2016 by Dr. Anton Perera at the VA hospital in Memphis which required the insertion of a small balloon. While performing the angiogram procedure, the **surgical technologist** who is employed by the VA, negligently failed to remove the sleeve from the balloon, and as a result, when the procedure was completed, the balloon was removed but the sleeve or surgical foreign body instrument was left in Mr. Hawkins' leg, thereafter remaining in his blood vessel for an extended period of time.

15. As a result of the **"retained surgical Instrument"** being left behind in Mr. Hawkins' leg, Mr. Hawkins' condition did not improve as was the intention of having the angiogram procedure. On the contrary, his condition began to rapidly deteriorate significantly after the angiogram. Mr. Hawkins began to experience significant pain that he had not experienced previously and began to suffer from increased nausea, fever and infection that he had not experienced previously and subsequently as a result, had to undergo a below the knee leg amputation on September 23, 2016 because of the "increased" infection.

16. It was only on September 23, 2016 when the amputation of Mr. Hawkins' leg was performed by another doctor that it was then discovered by that doctor performing the leg amputation that the sleeve had been negligently left behind in Mr. Hawkins' leg and that it was still in his leg at the time of the amputation.

17. Thus the **"retained surgical instrument"** remained in Mr. Hawkins' leg from September 1, 2016 to September 23, 2016 causing him significant pain, increased infection and an increased non-healing condition which precipitated, contributed to and/or caused the subsequent leg amputation.

18. As a result of the "retained surgical instrument" being left behind, On October 13, 2016, a formal meeting, discussion and disclosure was held

with Mr. Hawkins and a written **Institutional Disclosure of Adverse Event** was conducted with Mr. Hawkins at the VA Hospital and is also noted in his medical records, where Mr. Hawkins was then told in detail specifically by VA physicians and/or other medical staff what had happened and that he had had a "retained vascular catheter" from the angiogram left in his leg from the earlier surgery and that it was discovered at the time of the amputation. At that time Mr. Hawkins was also specifically told that **"that" should not have been done, or that a medical failure or negligence had occurred and an apology was issued on behalf of the VA institution to Mr. Hawkins at that time for this negligence.**

19. Dr. Anton Perera a Vascular surgeon with an operating vascular surgery practice called the Cardiovascular Surgery Clinic, in connection with the coverage that the Cardiovascular Surgery Clinic provides to the Memphis VA, was the doctor that performed the angiogram with intervention of the tibial artery on Craig Edwards Hawkins on September 1, 2016 in an operating room at the VA.

20. According to Dr. Perera's affidavit which is attached, in order for the procedure to be performed, percutaneous balloon angioplasty of the tibial artery was performed, and a balloon catheter, a small device with a balloon, must be used and ultimately inserted into the patient.

21. The balloon catheter used by Dr. Perera comes furnished in a package supplied by the VA and is prepared prior to insertion by the **surgical technologist**, who is an employee of the VA.

22. The medical standard requires that the technologist is supposed to be properly trained by the VA to perform this procedure. The balloon catheter is selected by the surgeon.

23. The circulating nurse of the VA hospital will retrieve the specific catheter in its package, check for accuracy and the expiration date, and will hand it over to the surgical technologist for use during the procedure. Sterility is ensured during this time.

24. The surgical technologist who is employed by the VA is supposed to, upon opening the package, remove a protective, transparent sleeve covering the balloon catheter. If the sleeve is not removed before insertion, among other problems, the balloon catheter will not properly inflate and the procedure will not have any chance of success.

25. The surgical technologist who is employed by the VA must also perform a trial balloon inflation on the back table to test the integrity of the balloon catheter before the surgery is performed. This step in the balloon angioplasty procedure is commonly referred to as "prepping the balloon catheter."

26. Following the completion of the angioplasty procedure on Mr. Hawkins, the surgical technologist failed to realize that she/he had failed to remove the sleeve.

27. Further, the surgical technologist had obviously not performed the required trial balloon inflation to test the integrity of the balloon catheter known as "prepping the balloon catheter." Because had she/he done so, it would have been obvious that the protective sleeve covering the catheter had not been removed.

28. Had this error been recognized by the nurse technologist, and she/he had informed the surgeon, immediate intervention could have been undertaken to retrieve the sleeve at the time of the angioplasty and the foreign object would not have been left behind in Mr. Hawkins' leg for an extensive period of time.

29. The treating surgeon was not informed of any occurrence either during, or after conclusion, of the procedure of the sleeve being missing or possibly left behind in Mr. Hawkins' leg.

30. Further, the surgical technologist cannot fail to know that the sleeve was not removed from the balloon catheter if the steps for performing the tasks are properly performed because the surgical technologist should perform a trial inflation of the balloon catheter as part of the preparation.

31. In addition, a balloon catheter that is still enclosed in a transparent sleeve **will not inflate**. As a result, for this kind of event to

occur, the surgical technologist must both fail to remove the protective sleeve and fail to perform a trial inflation and yet proceed with the use of the balloon catheter.

32. A successful angiogram for Mr. Hawkins was not performed due to the negligence of the surgical technologist which directly affected his chances for healing and recovery.

33. As a direct result of the unsuccessful angiogram Mr. Hawkins was caused to suffer the subsequent leg amputation.

## TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE

34. It is the claim of Mr. Hawkins that the Veterans Affairs Medical Center located at Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, nurses, technologists, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint, including but not limited to, the nurse or surgical technologist that failed to test the integrity of the balloon catheter before the surgery is performed, failed to "prep the balloon catheter," failed to realize that she/he had failed to remove the sleeve, failed to remove the protective sleeve and failed to perform a trial inflation and yet proceeded with the use of the balloon catheter.

35. Also it is the claim of Mr. Hawkins that the Veterans Affairs Medical Center located at Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, nurses, technologists, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint, including but not limited to, others that may be determined or discovered from the massive medical records of Plaintiff, Craig Hawkins, and maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiff, Craig Hawkins would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, nurses, technologists, staff and/or employees being any and all care providers of Mr. Hawkins (e.g. physicians, nurses, radiologists, technologists, technicians and otherwise) at the VA Medical Center in Memphis in the following particulars:

   a. Negligently failing to remove the covering from the catheter before surgical insertion;

   b. Negligently failing to test the integrity of the balloon catheter;

c. Negligently failing to perform the required trial pretest of the balloon/catheter inflation and yet proceeding with the use of the balloon catheter;

d. Negligently failing to perform additional diagnostic studies and/or testing to determine if Mr. Hawkins' procedure had been performed properly;

e. Negligently failing to timely treat Mr. Hawkins as his condition significantly grew worse not better after the angiogram;

f. Negligently failing to timely diagnosis why Mr. Hawkins' condition was progressively becoming worse;

g. Negligently failing to timely detect, diagnose and treat him for the foreign body left behind in his leg;

h. Negligently causing the severe physical pain, and emotional pain of a past, present and future nature and subsequent leg amputation;

i. Failing to act as a reasonably prudent surgical technologist and/or physician under the same or similar circumstances in this community or one similar thereto;

j. Negligent in the medical care and attention rendered to Mr. Hawkins under the circumstances and did not exercise the degree of care, skill and diligence used by medical facilities and their staff generally in this community and similar situated medical facilities and their staff, under the circumstances presented to them at the time described herein, including but not limited to the choice of medical techniques employed in caring for Mr. Hawkins causing him to suffer serious and permanent harm.

k. Negligent based on the legal theory/doctrine of *Res Ipsa Loquitor given that when a foreign surgical instrument is left behind in a patient's body following a surgery, the negligence of the medical staff speaks for itself.*

## **INJURIES AND DAMAGES**

36. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Craig Hawkins at Memphis VA Medical Center to include, but not limited to, physicians, nurses, the attending nurse/surgical technologist for the angiogram and others as otherwise may be determined or discovered from the massive medical records of Plaintiff, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiff, Craig Hawkins sustained the following injuries and damages for which he seeks recovery:

(a). serious and permanent damages including, but not limited to severe physical damage to his body resulting in extreme pain and suffering, for which he is required to obtain medical treatment to treat his injuries,

(b). substantial medical expenses, causing him to endure severe emotional distress and mental anguish;

(c) Subsequent surgeries that would not have occurred but for the negligence

(d) Unnecessary physical pain and suffering;

(e) Unnecessary emotional pain and suffering sustained;

(f) Past, present and future medical expenses that would not have been necessary but for the negligence;

(g) Loss of the use of Mr. Hawkins' lower extremities from leg amputation(s);

(h) Unnecessary permanent scarring;

(i) Loss of enjoyment, pleasures and quality of life;

(j) Unnecessary permanent impairment;

(k) Depression.

(l) The loss of income and future earning capacity.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Craig Hawkins files this action for Health Care Liability claims against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Craig Hawkins at the Memphis VA Medical Center as for compensatory damages for unnecessary pain and suffering, unnecessary scarring, unnecessary emotional pain and suffering, unnecessary surgical procedures and as otherwise noted above, in the amount of One million ($1,000,000.00) dollars.  Further the Plaintiff reserves the right to amend this pleading based upon the course of discovery in this cause;  That Plaintiff be awarded all post-judgment interest

on all verdicts and discretionary costs; and for all other appropriate relief to which the Plaintiff may be entitled.

Respectfully submitted

By: _____
Sheila L. Robinson-Beasley #13937
Attorney for the Plaintiff
5865 Ridgeway Center Parkway, Suite 300
Memphis, Tennessee 38120
Telephone: 901.373-1010